UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

COREY PRITCHETT,

        Plaintiff,           2:15-cv-01724-TC

        v.                      FINDINGS AND
                               RECOMMENDATION
OFFFICER FAIRLEY, et al.,

        Defendants.

Coffin, Magistrate Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections, filed a complaint under 42 U.S.C. § 1983 alleging violations of his First and Fourteenth Amendment rights and a claim under the ADA.

    Specifically, plaintiff alleges in Claim One that defendants Fairley and Linquist violated his free speech rights by issuing plaintiff a a misconduct report and a 24 hour cell-in sanction in retaliation for plaintiff complaining

1 - FINDINGS AND RECOMMENDATION

about his "prison helper." Plaintiff alleges in Claim Two that defendants Grunewald and Smith violated his free speech rights by conspiring to retaliate against him by "refusing him assistance because of his grievances and complaints." Complaint (#2) p. 5. Plaintiff alleges in Claim Three that defendants' alleged conduct violated his rights under the ADA by "failing to make reasonable accommodations," specifically, by allegedly failing to provide "adequate assistance for plaintiff with his wheel chair." Id. Defendants Fairley, Grunwald, Linquist and Two Rivers Correctional Institution have moved for summary judgment (#37) and defendant Smith has filed notice of his joinder in that motion (#45).

As a preliminary matter, defendants' Motion to Strike (#50) is allowed for the reasons set forth in defendants motion. The portions of Plaintiff's Declaration (#50) identified in defendants' motion and and the declaration's Exhibits E and F, and Exhibit C to plaintiff's Response (#49), are not properly authenticated pursuant to FRE 901 and constitute impermissible hearsay pursuant to FRE 801. Those matters have not been considered in deciding the issues before the court.

Plaintiff has not made any specific allegations regarding defendant "TRCI." Plaintiff names the individual defendants in both their individual and official capacities. In any

2 - FINDINGS AND RECOMMENDATION

event, any claim against TRCI, and plaintiff's claims against the defendants in their official capacities, are barred by the Eleventh Amendment. Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356 (2001); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); see also, Quern v. Jordan, 440 U.S. 332 (1979); Edleman v. Jordan, 415 U.S. 651, 673 (1984); Pennhurst State School and Hospital v. Halderman, 465 U.S. 89 (1984).Mitchell v Los Angeles Community College Dist., 861 F.2d 198, 201-02 (9th Cir. 1999).((Eleventh Amendment bars suits against government officials in their official capacity); Will v. Michigan Dep't of State Police, 419 U.S. 58, 71 (1989) (a suit against a state officer in his official capacity is effectively considered a suit against the official's office, and therefore, it "is no different than a suit against the State itself." Will v. Michigan Dep't of State Police, 419 U.S. 58, 71 (1989).

Claim One:

The Prison Litigation Reform Act requires that prisoners exhaust available administrative remedies before bringing a federal action concerning prison conditions. Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing 42 U.S.C. § 1997e(a)). Inmates are required to exhaust *all* grievance remedies before filing a Section 1983 action, including appealing the grievance decision to the highest level within

3 - FINDINGS AND RECOMMENDATION

the grievance system. <u>Wyatt v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2003); <u>Bennett v. King</u>, 293 F.3d 1096, 1098 (9th Cir. 2002); <u>McKinney v. Carey</u>, 311 F.3d 1198 (9th Cir. 2002). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." <u>Woodford v. Ngo</u>, 548 U.S. 81, 93 (2006). This means that a prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." <u>Marella v. Terhune</u>, 568 F.3d 1024, 1027 (9th Cir. 2009)(quoting *Woodford*, 548 U.S. at 88).

Defendants' have established that although plaintiff filed several grievances concerning his first claim for alleged retaliation by defendants Fairly and Linquist, he failed to properly and fully appeal the adverse responses and decisions regarding the grievances. Declaration of Arnell Eynon (#39).

Defendants have presented evidence that plaintiff failed to exhaust his administrative remedies and plaintiff has failed to submit any admissible evidence to controvert defendants' proof. Therefore, defendants are entitled to summary judgment as to plaintiff first claim. <u>Albino v. Bacca</u>, 747 F.3d 1162 (9th Cir. 2014).

<u>Claims Two and Three</u>:

Under the doctrine of *res judicata* or claim preclusion,

a final judgment on the merits rendered by a court of competent jurisdiction is conclusive and constitutes an absolute bar to a subsequent action against the same defendant or those in privity with that defendant. Montana v. United States, 440 U.S. 147, 153 (1979); C.D. Anderson & Co. V. Lemons, 832 F.2d 1097, 1100 (9th Cir. 1987). "Claim preclusion ...applies where: (1) the same parties, or their privies, were involved in the prior litigation, (2) the prior litigation involved the same claim or cause of action as the later suit, and (3) the prior litigation was terminated by a final judgment on the merits." Central Delta Water Agency v. United States, 306 F.3d 938, 952 (9th Cir. 2002) (citing Blonder Tongue Labs v. Univ. of Ill. Foundation, 402 U.S. 313, 323-24 (1971)). "Claim preclusion bars any subsequent suit on claims that could have been raised in the prior action." Cumbre Inc. V. State Compensation Ins. Fund, Civ. No. 09-17190, 2010 WL 4643044, at *1 (9th Cir. Nov. 17, 2009)(citing Cell Therapeutics, Inc. V. Lash Group, Inc., 586 F.3d 1204, 1212 (9th Cir. 2009).

The record reflects that plaintiff previously filed a petition for habesa corpus relief in the Umatilla County Circuit Court alleging that defendant Grunwald violated his Eighth Amendment rights by failing to provide adequate assistance for his disability. On March 11, 2016, Umatilla

5 - FINDINGS AND RECOMMENDATION

County Circuit Court Judge Daniel Hill allowed Superintendent Myrick's motion to dismiss on the ground that there was no evidence to establish deliberate indifference to plaintiff's serious medical need. <u>See</u> Defendants' Motion for Summary Judgment (#37) Exhibits 1, 2, and 3.

Plaintiff's Second and Third Claims allege the same operative facts as those alleged in his habeas proceeding, but claims those alleged facts constituted violations of different statutory and constitutional rights.

The claims alleged in this proceeding could have been raised in plaintiff's habeas proceeding and the defendants in this case are prison personnel and thus in privity with TRCI Superintendent John Myrick. Therefore, plaintiff's claims in this case are barred by *res judicata* and or claim preclusion.

<u>Summary</u>: Defendants' motions for joinder (#45) and to strike (#51) are allowed. Plaintiff's motions for service by U.S. Marshals (#24), for appointment of counsel (#53), and for relief from stay of discovery(#55) are denied. Defendants' Motion for Summary Judgment (#37) as joined by defendant Smith should be allowed. The Clerk of the Court should be directed to enter a judgment dismissing this action with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

**Any appeal form an order adopting this Findings and Recommendation or judgment dismissing this case would be frivolous and not taken in good faith. Therefore, plaintiff's in forma pauperis status should be revoked.**

DATED this 22st day of December, 2016.

_____
Thomas M. Coffin
United States Magistrate Judge

7 - FINDINGS AND RECOMMENDATION